Wanda Marie DAVIS, a minor, and Alex Terrel Davis, a minor, by Frankie McNeal, their guardian ad litem, Plaintiffs,

v.

Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 40021.

United States District Court
N. D. California, S. D.
March 20, 1962.

Berkley, Randall & Harvey, Berkeley, Cal., for plaintiffs.

Cecil F. Poole, U. S. Atty., Helen A. Kelly, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ZIRPOLI, District Judge.

In this action brought under Section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), for judicial review of a final decision of the Secretary of Health, Education, and Welfare, both plaintiffs and the defendant have moved for summary judgment upon the administrative record, the pleadings, and the briefs submitted to the Court. The statute authorizes the Court upon the review to enter a judgment affirming, modifying, or reversing the Secretary's decision, with the limitation that full credit be given to all findings of fact which are supported by substantial evidence.

The motions for summary judgment do not challenge any of the Secretary's factual determinations and tender only a single issue of law. The question presented is whether the two plaintiff children, born illegitimate to a deceased wage earner covered by the Social Security Act, were legitimatized by him in the manner provided by Section 230 of the California Civil Code, so as to entitle them to survivors' benefits as his children under Section 216(h) (2) of the Social Security Act, 42 U.S.C.A. § 416(h) (2). California Civil Code, Section 230 provides as follows:

"The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth."

The administrative record shows that from 1935 until his death, the deceased wage earner was legally married to Ethel Wilson Davis, although after one year of marriage he separated from her and never lived with her again. In 1952 he met the plaintiff Frankie McNeal, and on January 21, 1953 she gave birth to his daughter, the plaintiff Wanda Davis. For approximately ten months during the last part of 1954 and the first part of 1955 the deceased wage earner lived with Frankie McNeal and his daughter Wanda. During this period, on February 3, 1955, Frankie McNeal bore him a son, the plaintiff Alex Terrel Davis. The wage earner publicly acknowledged the two children to be his own and treated them as such. He helped to support them, played with them, and took them to church, places of amusement, and on visits to his friends.

The administrative record contains a written statement by the wage earner's legal wife, Ethel, in which she certifies that:

"I separated from Alex Davis many years ago. We separated because of another woman. I have never remarried. When we separated I took back my father's name. I have never gotten a divorce and as far as I know Alex never did. I

have never remarried and as far as I know he never did."

The only reasonable inference one can draw from this statement is that she had no knowledge of the fact that the wage earner had established a home with Frankie McNeal, and that he was the father of the two children born in 1953 and 1955, and hence gave no consent.

Upon these facts, the Secretary held that the wage earner had not legitimatized the two children in the manner provided by California Civil Code, Section 230 because he had not received them into his family with the consent of his wife.

Plaintiffs contend that this decision is erroneous on the basis of the opinion of the United States District Court for the Southern District of California in the case of McDaniel v. Flemming, 172 F.Supp. 153 (1959). In that case, which was also a suit for survivors' benefits under the Social Security Act, the Court held that the wage earner by establishing a home for an illegitimate daughter and her mother thereby received the child into his family within the meaning of the statute, and that the consent of his "de facto wife", the child's mother, sufficed to satisfy the statute, even though the wage earner's legal wife, from whom he was separated, had not given her consent.

In support of his decision, the Secretary cites two decisions by the California District Court of Appeal, Laugenour v. Fogg, 48 Cal.App.2d 848, 120 P.2d 690 (1942) and Darwin v. Ganger, 174 Cal. App.2d 63, 344 P.2d 353 (1959). In both of these cases the Court held that the consent of a man's legal wife was mandatory to legitimatize a child pursuant to Civil Code, Section 230, even though he was separated from her and had established a home with the child's mother.

■■ This Court is not faced with the problem of deciding whether to adopt the construction given the statute by the United States District Court or that given it by the California District Court of Appeal on the basis of the relative merits of the reasoning in support of the two contrary views. For it is clear that under the Rules of Decision Act, 28 U.S. C. § 1652, this Court must accept the construction placed upon a state statute by the courts of that state, including an intermediate state court in the absence of a controlling decision by the state's highest court. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L. Ed. 109 (1940); Six Companies of California v. Joint Highway Dist. No. 13, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (1940). This being so, the decision of the Secretary must be and is hereby affirmed.

Defendant's motion for summary judgment in his favor is granted. Plaintiffs' motion for summary judgment in their favor is denied. Present judgment accordingly.